**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Joseph Carbajal, | No. CV-07-0363-PHX-DGC (JJM) |
| Petitioner, | **ORDER** |
| v. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

Petitioner Rene Joseph Carbajal has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #1. United States Magistrate Judge Jacqueline Marshall has issued a report and a recommendation that the petition be denied ("R&R"). Dkt. #18. Carbajal has filed an objection to the R&R and the Court will review de novo those portions of the R&R to which he objects. Dkt. #26; *see* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Carbajal has also filed a motion to amend the pleadings[1] (Dkt. #25) and a "motion to go forward on writ of habeas corpus" (Dkt. #27). For the reasons that follow, the Court will accept the findings of Magistrate Judge Marshall (Dkt. #18), dismiss Carbajal's petition for writ of habeas corpus (Dkt. #1), deny his motion to amend (Dkt. #25), and deny his "motion to go forward on writ of habeas corpus" (Dkt. #27).

---

[1] Carbajal's motion to amend is entitled a "motion to submit supplemental pleading of exhausted claims to the objection to the report and recommendation," which the Court has construed as a motion to amend under Federal Rule of Civil Procedure 15.

1  **I.   Background.**

Carbajal and the victim, Eileen, were casual acquaintances at work. Dkt. #18 at 1. The two made plans to go to dinner and a concert on June 23, 2001, just "as friends," because Eileen had a boyfriend. *Id.* at 1-2. On June 22, 2001, Carbajal called Eileen to ask if he could stop by her house "to make sure he knew exactly where she lived so they would not 'run late' the following evening." *Id.* at 2 (internal citation omitted). That night, he arrived at Eileen's house with a bottle of wine. *Id.* Eileen contended that after they each had some wine, Carbajal raped her. *Id.* Carbajal contended that Eileen engaged in consensual sexual intercourse with him. *Id.*

The state charged Carbajal with kidnapping and sexual assault. *Id.* at 3. Prior to trial, Carbajal's counsel filed a motion *in limine* to admit evidence that Eileen had sexual intercourse with her boyfriend after she was allegedly sexually assaulted by Carbajal, but before she reported the assault to the police. *Id.* Carbajal claimed that this evidence was necessary to show that Eileen had a motive to falsely allege rape, because Carbajal had left marks on Eileen's neck that her boyfriend would have seen when they had intercourse. *Id.* The trial court ruled that evidence of Eileen's sexual intercourse with her boyfriend was inadmissible. *Id.* At trial, the jury convicted Carbajal of both counts, and the trial court sentenced him to seven years in prison for kidnapping and seven years of probation for sexual assault. *Id.*

On January 21, 2003, Carbajal filed a direct appeal, raising one issue – that the trial court erred in refusing to allow the defense to present evidence of the sexual intercourse between Eileen and her boyfriend. *Id.* In raising this issue, Carbajal relied solely on Arizona cases, but also asserted that the error "denied him his right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article 2, Sections 4 and 24 of the Constitution of the State of Arizona." Dkt. #9-2 at 187. On July 10, 2003, the Arizona Court of Appeals affirmed Carbajal's conviction. Dkt. #18 at 4. Carbajal then filed a petition for review by the Arizona Supreme Court, asserting the same state law evidentiary claim. The petition was denied on January 5, 2004. *Id.*

On January 29, 2004, Carbajal filed a notice of post-conviction relief in the trial court, arguing that his trial counsel was ineffective in arguing the motion *in limine*. *Id.* Carbajal cited the Constitution and other federal authority. Dkt. #9-3 at 71-76. On February 17, 2005, the trial court entered an order finding that counsel was not ineffective and denying Carbajal's motion for post conviction relief. Dkt. #18 at 4. Carbajal petitioned unsuccessfully for review by the Arizona Court of Appeals and Arizona Supreme Court.

On February 16, 2007, Carbajal filed the present habeas petition alleging two bases for relief: (1) that he was denied his right to a fair trial when the court precluded evidence that Eileen had sexual intercourse with her boyfriend the day after the alleged incident, and (2) that he received ineffective assistance of counsel in violation of his Sixth Amendment right. Dkt. #1. In the R&R, Magistrate Judge Marshall recommends that this Court deny the habeas petition because his first claim for relief is not exhausted and his second claim for relief fails because the state court's decision did not violate clearly established federal law. Dkt. #18. After the R&R was issued, Carbajal filed a motion to amend the pleadings, asserting a third ground for relief – that he received an illegally enhanced sentence in violation of the Fifth and Fourteenth Amendments. Dkt. #25.

## II.   Objection to the R&R.

Carbajal makes only one objection to the R&R. He contends that his claim was exhausted because discretionary Arizona Supreme Court review is outside the standard review process and need not be sought for purposes of exhaustion. Dkt. #26 at 5. This objection does not apply to the analysis in the R&R.

Judge Marshall found that Carbajal failed to exhaust his available state remedies because he never argued that he was denied his right to a fair trial as guaranteed under the Fifth, Sixth, or Fourteenth Amendments to the Constitution. Instead, he argued exclusively under state law, and made only passing reference to constitutional amendments. Judge Marshall found such passing references to be insufficient for exhaustion under the "fair presentation" requirement. *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005); Dkt. #18 at 7 ("Petitioner's federal citations in his brief submitted to the Arizona Court of

Appeals are in all pertinent respects the type of 'scattershot' citation 'divorced from any federal legal theory' that the Ninth Circuit found in *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005), to be insufficient to satisfy the 'fair presentation' requirement."). Judge Marshall also noted that the state court cited nothing but state authorities in rejecting Carbajal's arguments. Dkt. #18 at 4. Judge Marshall did not conclude, as Carbajal suggests, that he failed to exhaust his remedies because the Arizona Supreme Court did not review his claims.

Carbajal does not address the conclusion reached by Judge Marshall. His sole objection is therefore akin to a general objection that fails to provide any basis for review. *See Bryant v. Ryan*, No. CV-08-831-PHX-DGC, 2009 WL 856603 at *1 (D. Ariz., June 29, 2009); *Sullivan v. Schriro*, No. CV-04-1517, 2006 WL 1516005 (D. Ariz. May 30, 2006). Because Carbajal makes no specific objection to the R&R, the Court is relieved of any obligation to review it. *Id.*[2]

## III. Motion to amend.

In his motion to amend, Carbajal seeks to add a new ground to his petition for writ of habeas corpus. Dkt. #25. Carbajal asserts that he received an illegally enhanced sentence in violation of the Fifth and Fourteenth Amendments. *Id.* at 2. Generally, courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Court may, however, deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The proposed amendment is futile. Under *Coleman v. Thompson*, 501 U.S. 722, 732 (1991), "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those

---

[2] Even if Carbajal objected to Judge Marshall's conclusion with specific arguments, the Court would accept the R&R. The Court has reviewed Judge Marshall's conclusion and agrees, under the standard of *Castillo*, 399 F.3d at 998-1003, that Carbajal did not fairly present his federal claims to the state courts.

claims in the first instance." In this case, the state trial court dismissed Carbajal's new claim as an untimely request for post-conviction relief. Dkt. #25 at 7. Because the state court did not actually consider Carbajal's new claim, but rather denied it on procedural grounds, this Court cannot review it. *See Coleman*, 501 U.S. at 732 ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural."). For this reason, the proposed amendment would be futile.[3] *See Foman*, 371 U.S. at 182.

**IV.     Motion to "go forward."**

Carbajal also filed a motion to "go forward on the petitioner's writ of habeas corpus" after the withdrawal of his counsel. Dkt. #27; *see* Dkt. #24. Because both of Carbajal's original claims are dismissed in accordance with the R&R, and because this Court will deny the motion to amend on futility grounds, the Court will terminate this action. As a result, the motion to "go forward" will be denied as moot.

**IT IS ORDERED:**

1.     The R&R (Dkt. #18) is **accepted**.

2.     The petition for writ of habeas corpus (Dkt. #1) is **denied**.

3.     The motion to amend (Dkt. #25) is **denied**.

4.     The motion to go forward on writ of habeas corpus (Dkt. #27) is **denied**.

5.     A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal was justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

---

[3] Carbajal does not assert that any exceptions to preclusion apply to this claim. *See Beaty v. Stewart*, 303 F.3d 975, 987 & n.5 (9th Cir. 2002) (finding no available state court remedies and noting that the petitioner did not raise any exceptions to Rule 32.2(a)). Nor does Carbajal attempt to show cause and prejudice or, alternatively, a fundamental miscarriage of justice, in order to excuse his procedural default. *Id*. at 987.

6. The Clerk is directed to **terminate** this action.

DATED this 22nd day of December, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge